IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRETT TEXAS LLC t/a | : | |
| TRETT CONSULTING | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-6511 |
| PITNEY ROAD PARTNERS, LLC, | : | |
| ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                    **SEPTEMBER  30 , 2015**

Presently before the Court is Defendants' Motion to Dismiss Pursuant to Rule of Civil

Procedure 12(b)(6).  (ECF No. 6.)  For the following reasons, the Motion will be denied.

**I.      BACKGROUND**

This action arises out of a contract dispute between Plaintiff Trett Texas LLC t/a Trett

Consulting and Defendant Pitney Road Partners, LLC ("Pitney").[1]  In June of 2006, Pitney filed a

lawsuit against Harrisburg Area Community College ("HACC") in the Court of Common Pleas of

Lancaster County, Pennsylvania ("the HACC litigation").  (Compl. ¶ 14, ECF No. 1; *see* Defs.'

Mem. Exs. A-C, ECF No. 7.)  In January 2010, as part of the HACC litigation, which was later

resolved through arbitration, Pitney retained Plaintiff to provide various expert services.

(Compl. ¶ 15.)

On January 25, 2010, Defendant Robert Redcay, as "Managing Member" of Pitney, signed

---

[1] "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be
taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must
be drawn in favor of them."  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).  We
are permitted to consider "an undisputedly authentic document that a defendant attaches as an
exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension
Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

an agreement with Plaintiff which set out Plaintiff's fee schedule.  (*Id.* ¶ 17 & Ex. A.)  Plaintiff

subsequently provided the agreed-upon services to Pitney.  (*Id.* ¶ 18.)  From February through June

2010, Plaintiff sent Pitney several invoices demanding payment.  (*Id.* ¶ 19.)  Plaintiff informed

Pitney, in an August 17, 2010 letter, that Pitney owed Plaintiff $83,709.01.  (*Id.* ¶ 21 & Ex. B.)

Pitney has not yet paid this bill.  (*Id.*¶ 22.)

On October 18, 2011, Plaintiff filed a Complaint, asserting claims for breach of contract

(Count I) and quantum meruit/unjust enrichment[2] (Count II) against Pitney, Redcay Development,

and Redcay.  (Compl.)  On December 27, 2011, Defendants filed this Motion to Dismiss, asking

the Court to dismiss Count I as to Redcay Development Company and Robert Redcay ("the

Redcay Defendants"), and to dismiss Plaintiff's unjust enrichment claim against all parties.

(Defs.' Mot., ECF No. 6; Defs.' Mem.)  After several stipulated extensions of time (ECF Nos. 11-

13), Plaintiff filed a Response (Pl.'s Resp., ECF No. 14).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil

Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon

which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Pennsylvania "does not consider unjust enrichment to be either an action in tort or
contract.  Unjust enrichment, rather, an equitable remedy and synonym for *quantum meruit*, is a
form of restitution."  *Powers v. Lycoming Engines*, 328 F. App'x 121, 126 (3d Cir. 2009)
(internal quotation marks and citation omitted).

A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).   Nevertheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997).

## III.    DISCUSSION

### A.    Plaintiff's Claims Against the Redcay Defendants

Defendants argue that Plaintiff's breach of contract claim against the Redcay Defendants should be dismissed because neither Robert Redcay nor Redcay Development Co. was a party to the disputed contract.  (Defs.' Mem. 4.)  Plaintiff responds that the Redcay Defendants may be liable under an alter ego theory, and that such a theory needs to be "developed through discovery."[3] (Pl.'s Resp. 10.)

In determining whether a corporation is merely an alter ego for another corporation or for

---

[3] Plaintiff notes that neither party has analyzed the choice-of-law issues which may arise in this litigation.  (Pl.'s Resp. 9 n.6.)  A federal court sitting in diversity must apply the substantive law of the state in which it sits,  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including its choice of law rules,  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Should either party wish to challenge the presumption that Pennsylvania's substantive law applies, it may do so.  Barring such a challenge, however, we will presume that Pennsylvania's substantive law applies to Plaintiff's breach of contract and unjust enrichment claims.  *See Montgomery Ward & Co. v. Pacific Indem. Co.*, 557 F.2d 51, 58 n.11 (3d Cir. 1977).

individual persons, Pennsylvania law looks to several factors, including:

> failure to observe corporate formalities; non-payment of dividends; insolvency of debtor corporation; siphoning the funds from corporation by dominant shareholders; non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere facade for the operations of a common shareholder or shareholders; and gross undercapitalization.

*E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 3334n.7 (3d Cir. 2000) (citations omitted).

There exists  a "strong presumption in Pennsylvania against piercing the corporate veil." *Lumax Indus. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995).  "Given the complex, fact-specific questions related to the alter ego issue, the question whether one corporation is an alter ego of another is typically treated as a question of fact." *Castle Cheese, Inc. v. MS Produce, Inc.*, No. 04-878, 2008 U.S. Dist. LEXIS 71053 at *108 (W.D. Pa. Sept. 19, 2008) (citing *Crane v. Green & Freedman Baking Co., Inc.*, 134 F.3d 17, 22-23 (1st Cir. 1998)).

In order to survive a motion to dismiss, Plaintiff need not adduce enough evidence to carry its ultimate burden of persuasion on an alter ego theory.  Under Rule 8(a), Plaintiff must merely "raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Phillips*, 515 F.3d at 234 (internal quotation marks omitted).  In support of its contention that it has adequately pleaded such a possibility, Plaintiff points to a July 8, 2010 letter written by Robert Redcay in his capacity as "President [of] Redcay Development Co." and "Managing member of Pitney Road Partners LLC."  (*See* Pl.'s Resp. 11; Redcay Letter, Pl.'s Resp. Ex. D, ECF No. 14-3.)  Plaintiff argues that this letter serves as evidence of a "significant overlap in control by Robert Redcay, Redcay Development and Pitney Roads Partners."  (*Id*. at 11.)

Plaintiff claims that "there is adequate basis at this time to infer that defendants have been and are now inadequately capitalized to support a venture involving the costs and risks of the

HACC project." (*Id.*)  Plaintiff states that the text of the Redcay Letter, which claims that "[w]e are a small company . . . [w]e have been severely strained by the money HACC owes us," implies that Redcay Development Co. and Pitney operate, in fact if not in law, as a single entity.  (*Id.*)  This states a factual allegation of undercapitalization, which is one of the criteria which state and federal courts applying Pennsylvania law consider in determining whether an alter ego theory applies.  *See Morella Consultants, LLC v. RCMP Enters., LLC*, No. 10-432, 2011 U.S. Dist. LEXIS 101793, at *26-27 (M.D. Pa. Sept. 9, 2011) (permitting claims to go forward based on evidence of undercapitalization).

 Notwithstanding the fact that Plaintiff's claim against Redcay does not appear strong at this juncture, there are practical limits to Plaintiff's ability to establish the nature of Defendants' corporate structures absent discovery.  Given our permissive pleading standard, we conclude that Plaintiff has adequately pleaded a breach of contract claim against Redcay Development Co. Plaintiff has advised that "following an adequate opportunity to conduct discovery on this issue," it will amend its Complaint to reflect the results of that discovery.  (*Id.*)  In the course of discovery, we expect that the relationship between Pitney and Redcay Development Co. will be developed. At this stage of the proceedings, however, Plaintiff has pleaded sufficient factual allegations to justify its breach of contract claim against Redcay.

 The claims against Robert Redcay are more problematic.  Robert Redcay is, by all accounts, the "Managing Member" of Pitney.  However, the fact that he occupies a senior management position does not justify subjecting him to personal liability for Pitney's contracts.

 It is axiomatic that the mere fact that an individual has signed a contract in his capacity as an officer or employee of an entity does not bind him personally to that contract.  *Viso v. Werner*,

369 A.2d 1185, 1187 (Pa. 1977).  "Agency principles maintain that if an agent enters into a

contract on behalf of a disclosed principal, the agent does not become a party to the contract."

*Poulos v. Nicolaides*, 241 F. App'x 25, 27 (3d Cir. 2007) (citing *Publicker Indus., Inc. v. Roman

Ceramics Corp.*, 652 F.2d 340, 343 (3d Cir. 1981)).

Plaintiff offers little basis upon which to plausibly assume that Mr. Redcay could be

personally liable for Pitney's contract with Plaintiff.  At this point it appears that Mr. Redcay was

merely an officer of Redcay Development Co. and Pitney, and that any agreements that he signed

with Plaintiff were in the context of his duties as an agent of those companies.  However, the letter

of July 8, 2010 raises questions with regard to his status, which may be answered during discovery.

Plaintiff "respectfully requests, and will so formally move, for an opportunity to amend its

complaint following an adequate opportunity to conduct discovery on this issue."  (Pl.'s Resp. 11.)

We will grant this request.  Should Plaintiff discover information which implicates Mr. Redcay

personally, it may file such a motion at the appropriate time.

### B.    Plaintiff's Unjust Enrichment Claim Against Pitney

Defendants next argue that Plaintiff's unjust enrichment claim against Pitney is barred as a

matter of law.  (Defs.' Mem. 9.)  Defendants state that under Pennsylvania law, parties cannot

recover on an unjust enrichment theory if "the transaction in dispute is subject to an express,

written contract."  (*Id.*)  Plaintiff contends that its unjust enrichment claim is an appropriate

alternative pleading under Federal Rule of Civil Procedure 8(d).  (Pl.'s Resp. 13.)

"A party may set out 2 or more statements of a claim or defense alternatively or

hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative

statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).  "A

party may state as many separate claims or defenses as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3).

In order for an unjust enrichment claim to be fatally flawed and thus be subject to dismissal at this stage, it must be clear that the express contract is valid and enforceable.  *18 KT.TV, LLC v. Entest Biomedical, Inc.*, No. 11-244, 2011 U.S. Dist. LEXIS 128435, at *16-17 (M.D. Pa. Nov. 7, 2011); *see also Heurlin v. Yankowski*, No. 11-770, 2012 U.S. Dist. LEXIS 13642, at *23-24 n.8 (M.D. Pa. Feb. 3, 2012) (permitting implied contract claim to proceed past motion to dismiss stage even though express contract was alleged).  It would appear that the contract is valid and enforceable.  However, Defendants have not conceded that the contract is, in fact, a valid and enforceable contract.  Therefore, Plaintiff's claims, even if inconsistent, are plausible as alternatives to one another, and permissible pursuant to Federal Rule of Civil Procedure 8(d).

C.      **Plaintiff's Unjust enrichment Claim Against the Redcay Defendants**

Finally, Defendants seek dismissal of the unjust enrichment claims against the Redcay Defendants on the grounds that Plaintiff fails to state an adequately specific claim under Rule 8(a). (Defs.' Mem. 11.)  Plaintiff argues that the claim is clearly stated, and that Defendants' "feigned ignorance . . . is nothing short of incredible."  (Pl.'s Resp. 14.)  Plaintiff argues that, much as with its breach of contract claim, the key issues relating to whether the Redcay Defendants are implicated in this action can only be resolved through discovery.  (*Id*. at 15-16.)

Under Pennsylvania law, to state a claim for unjust enrichment, Plaintiff must allege that: "(1) plaintiff conferred a benefit upon defendant, (2) defendant appreciated such benefits, and (3) defendant accepted and retained such benefits under circumstances in which it would be inequitable for defendant to retain the benefit without the payment of value."  *Ray Angelini, Inc. v.*

*SEC Besd Solar One, LLC*, No. 11-1093, 2011 U.S. Dist. LEXIS 134594 at *17 (M.D. Pa. Nov.

21, 2011) (internal quotation marks and citation omitted).

As with the breach of contract claim, we will permit discovery to develop the record.

Accordingly, we will deny Defendants' Motion as to the unjust enrichment claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be denied.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**